# UNITED STATES DISTRICT COURT

for

THE DISTRICT OF COLORADO

U. S. A. vs. JACOB LEE BUSTAMANTE                              Docket No. 05-cr-00445-PSF

**Petition on Probation for Modification of Supervision Conditions**

      COMES NOW, Edward C. Gadden, probation officer of the court, presenting an official report upon the conduct and attitude of Jacob Lee Bustamante, who was originally placed on supervision by the Honorable Robert C. Brack, sitting on the court in the District of New Mexico, under original Docket Number 2:03CR01550-001RB, on the 25th day of May, 2004, who fixed the period of supervision at 2 years, commencing on that date, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

Home confinement for 4 months.
Successfully complete a substance abuse treatment program which may include testing, outpatient counseling, or residential placement.
Refrain from the use and possession of alcohol and other intoxicants.  Not to frequent places where alcohol is sold.
Allowed to continue employment.

**On October 12, 2005, Chief Judge Lewis T. Babcock accepted transfer of jurisdiction in the aforementioned District of New Mexico case and the new Docket Number of 05-cr-00445-PSF was assigned.**

**At a violation of supervision hearing held on May 22, 2005, Judge Paul S. Figa found the defendant guilty of violating supervision and extended probation an additional 12 months.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(See attached hereto and herein incorporated by reference).

    *PRAYING THAT THE COURT WILL ORDER* that the defendant's supervision be modified to include the addition of the following special condition:  The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant will be required to pay the cost of treatment as directed by the probation officer. The Court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.

      ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this __1st__ day of __June__, 2006, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | |
|     *s/ Phillip S. Figa* | s/ Edward C. Gadden |
| _____ | U.S. Probation Officer |
| Phillip S. Figa | Place   Denver, Colorado |
| United States District Judge | Date    May 26, 2006 |

**ATTACHMENT**

The defendant's signatures on May 25, 2004, June 3, 2004, and October 15, 2004, acknowledged that the conditions had been read and explained to the defendant, that the defendant fully understood said conditions, and that the defendant was provided with a copy of the conditions. Probation commenced on May 25, 2004.

A violation of supervision hearing was held on May 22, 2005, as a result of several instances of varying non-compliant behavior exhibited during the course of the defendant's two-year probationary period. The Court found the defendant guilty of the alleged violations and extended probation for an additional 12 months.

The day following the violation hearing, the Probation Department received confirmation from the Kroll Diagnostic Laboratory that a urine sample the defendant submitted to the Addiction Research and Treatment Services program (ARTS) on May 10, 2006, was positive for metabolites of methamphetamine at 785 nanograms per milliliter and amphetamine at 253 nanograms per milliliter.

On May 26, 2006, the defendant reported to the probation office to discuss this non-compliance. He admitted to using methamphetamine on Friday and Saturday preceding his violation hearing. He indicated that he was suffering from depression, and this caused him to be unconcerned of the outcome of the hearing. He advised that he has been dealing with depression since he was young, and that his level of depression had worsened recently. He requested the opportunity to speak with a therapist. He signed a waiver of hearing to modify conditions form adding mental health treatment. His signature was witnessed by this probation officer. The defendant received legal counsel in this matter by Assistant Federal Public Defender Rick Williamson, who also signed the form.

The defendant was made aware by the probation officer that the Court may choose not to consider this modification, and may instead request a new violation hearing as a result of his admitted non-compliance. The defendant was advised that regardless of the outcome of this proposed modification, any additional non-compliance would result in a violation petition being immediately submitted to the Court.

If this proposed modification is deemed acceptable by the Court, the defendant will be referred to ARTS for a mental health evaluation. A resulting treatment plan could include ingesting anti-depressants or related psychotropic medications as prescribed by the contracted psychiatrist, and the defendant was made aware of this by the probation officer. The defendant was reverted back to intensive urine testing at ARTS until further notice.